## Louisa Miller *et al.*, Appellants, *v.* Gabriel Marckle, Appellee.

### APPEAL FROM MORGAN.

While a widow may release her interest in the homestead right, such a release will not affect the interest of the children.

In September, 1858, appellee filed his bill in the Morgan Circuit Court, for the foreclosure of two mortgages on the west half of the north-east quarter of Section eighteen, in Township sixteen north, Range eleven west of the third principal meridian, situated in Morgan county, Illinois, executed by Wm. R. Miller to appellee; one was executed on the 17th day of January, 1857, to secure two notes executed by said Wm. R. Miller, the first in favor of E. F. Valentine, for the sum of $325, by him assigned to appellee, and dated Dec. 13, 1855, and the second was executed by said Miller to appellee, for $272.50, with indorsed payment of $220; and the other mortgage was executed on the 2nd day of October, 1857, to secure a note for $1,000, executed by said Miller to appellee on the same day.

At the October term of the court, said Miller filed his answer to the bill, admitting the execution of the said notes and mortgages, and that the first and second notes mentioned

were made in good faith, but that the third note mentioned, and the mortgage to secure the same, were, by arrangement with appellee, made to delay his creditors; and he admitted nothing more in his answer.

At the March term, 1861, appellee filed his affidavit, showing that said Miller and his wife Louisa, at the time of filing his bill, were in possession of said premises as a homestead, and afterwards abandoned the same as such; that on the 26th of November, 1859, by virtue of a decree of said court, the same were sold by the master to affiant for $1,767.14; that on the 4th of March, 1861, said master conveyed the same to appellee; that the premises were worth at least that sum; that said Miller died in August, 1860, without asserting his homestead right to said premises; that on the 5th day of December, 1860, said Louisa, the widow of said Wm. R. Miller, executed to him a quit-claim deed of said premises, and that he had read to said Louisa the aforesaid master's deed, and demanded possession of the said premises. Also another affidavit, showing that he had served on said Louisa a notice, that he would, at the March term, 1861, make a motion for an order for a writ of execution and for possession of said premises.

On the 28th day of March, 1861, the appellants filed the affidavit of said Louisa, showing that the said Miller, at the time of the execution of the mortgages, was residing on the said premises as a homestead, as the head of his family, and residing with the same; that he had not released his right under the homestead exemption law to said premises; that the said Louisa was not a party to either of said mortgages; that she had not released her homestead exemption right to said premises; that the said Miller departed this life on the 26th of August, 1860, leaving, surviving him, his widow, said Louisa, and his children and minor heirs, Georgia Miller, David Miller, and John R. Miller; that she has been the head of her family, residing with the same, ever since the death of her said husband, and that said premises were then, and most of the time since the death of her said husband, occupied by her and her said infants as a homestead; that one or the other of her said infant children had resided on said premises ever since the death of said Miller; that all the time after the execution of said mortgages the premises were occupied by him as a homestead, either by himself or by his tenants paying him rent; that the said Miller moved from the premises on account of his apprehensions of violence against him by said appellee, who was repeatedly disturbing him in his possession.

And on the same date appellants filed the affidavit of James

W. Miller, showing substantially the facts stated in the affidavit of said Louisa; that he, affiant, and one Isaac Barbor, occupied the premises as tenants of Wm. R. Miller, from the time Miller moved off of the same, which was in 1858, until the death of Miller; that he continued in the occupation of said premises as the tenant of Miller, under the contract of lease made with Miller, until Louisa, with her infant children, moved back on to said premises, and occupied the same as her homestead and homestead of the children.

At the September term, 1861, appellee filed his amended affidavit, showing that the decree of foreclosure in this cause was had to secure the payment of a part of the purchase money for the mortgaged premises; that Louisa, together with said infant children, were occupying and claiming said premises under the homestead exemption law, and that they were committing waste on the same, and prayed an injunction.

And at the same term, appellee filed his amended affidavit, showing that the decree of foreclosure and the master's deed of said premises had been served on the three minor children.

And he also then filed the affidavit of Z. Wells, showing that Miller had stated in his presence that he had made a note to E. F. Valentine for the premises in question, that Valentine had assigned it to the appellee, and that he (Miller) had mortgaged said premises to appellee to secure said note.

And at the same term, appellants filed the affidavit of David C. Miller, showing that the said Valentine note was executed by said Wm. R. Miller to Valentine in the year 1855, and that the mortgage securing the same was executed by said Wm. R. Miller to appellee in the year 1857, after the assignment of said note, and that he did not believe that the said note was given to Valentine for the purchase money of said premises; that the special master, who sold the premises under the decree, did not cause said premises to be appraised by a jury of the county, nor did the appellee set off to said Wm. R. Miller one thousand dollars worth of the said premises as his homestead, nor did the special master serve the said Miller with a copy of appraisal of said premises, as the statute provides in such cases; and that appellee became the purchaser of said premises for the sum of $1,767.14.

And at said term the court heard the motion of appellee for a writ of possession, and the cross-motion of appellants to vacate the decree of forclosure and the sale of the premises under the same, upon the affidavits and exhibits aforesaid, and also the deed of Valentine to Miller conveying the said premises to said Miller, executed on the 12th day of January, 1857, acknowledging the receipt of $1,500, being the whole of

the consideration for the same, (first having appointed C. Epler guardian *ad litem* of said infants), and decreed that the motion of appellee be allowed, and that appellants' cross-motion be disallowed and overruled, and that appellee have a writ of assistance to put him in possession of said premises. From which decree an appeal was taken by said Louisa, and the said infants by their guardian *ad litem.*

The errors assigned and relied on in this cause are :

The court erred in decreeing that the motion of appellee be allowed, and that he have a writ of possession.

The court erred in overruling the cross-motion of the appellants, and in not vacating the decree of foreclosure and the sale under the same.

MORRISON & EPLER, for Appellants.

D. A. SMITH, for Appellee.

BREESE, J. The appellants assign for error the allowance of the motion, founded on certain affidavits made by Marckle, for a writ of possession of the premises bought by him under the mortgage sale, and in not vacating the decree of foreclosure and sale on their motion and affidavits.

The wife, now widow of Miller, one of the appellants, was not a party to the bill to foreclose, nor has she, at any time, released her right of homestead exemption, in the mode prescribed by the statute, according to the construction put by this court on that statute. In *Kitchell* v. *Burgwin and Wife,* 21 Ill. 45, this court said, a formal release or waiver of the statute must be executed. It must appear that the privileges and advantages of the act were in the contemplation of the parties executing the deed, and that they were expressly released or waived in the mode pointed out in the statute. To the same effect is *Vansant* v. *Vansant,* 23 Ill. 541.

In the case of Vansant we said, when the householder dies, the exemption continues after his death for the benefit of the widow and family, some or one of them continuing to occupy such homestead until the youngest child shall become twenty-one years of age, and until the death of such widow. The appellee insists, that at the time of the decree, Miller did not insist upon his homestead right, and that since his death, his widow has released all her interest to the appellant. That release is a general one, and however it may affect her, cannot affect the interest of her children as secured by the Homestead Act.

But it is insisted, that one of the notes for which one of the mortgages was executed, was given to secure the purchase money of the land, and under the second section of the act the land cannot be exempt from sale.

This would appear so from the affidavit of Wells, and the circumstances of the case corroborate his statement, but it is *ex parte* altogether, and a vital question in this case. It is decisive of the claim set up by the widow and children. It is true the parties have not had a full opportunity of contesting that important fact, nor do they ask to do so, and we can, therefore, but find as the court below has found, that the first mortgage was given " for a debt or liability incurred for the purchase of the land mortgaged and sold under the decree," and that appellee must be allowed the benefit of his motion. The decree upon the mortgage given to secure the payment of one thousand dollars, and alleged to have been given to defraud creditors, was reversed by this court in the case of *Miller* v. *Marckle*, 21 Ill. 152, but that judgment is not insisted on here, nor is there any appeal from the original decree. The judgment of the Circuit Court on the motion is affirmed.

*Judgment affirmed.*